HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROY J. LeFEVRE and ROSALIND T. LeFEVRE, husband and wife; and JAMES L. OLSON and LAURIE J. V. OLSON, husband and wife,

Plaintiff,

v.

CBS CORPORATION, et al.,

Defendant.

CASE NO. 13-cv-5058 RBL

ORDER ON PLAINTIFFS' MOTION TO COMPEL AND DEFENDANT'S MOTION FOR PROTECTIVE ORDER

[Dkt. #s 106 & 109]

THIS MATTER is before the Court on plaintiffs Roy & Rosalind LeFevre's and James & Laurie Olson's Motion to Compel Discovery [Dkt. #106] and defendant General Electric Company's Motion for a Protective Order [Dkt. #109]. Plaintiffs move this Court to order GE to meaningfully respond to plaintiffs' interrogatories and to produce requested documents including engineering drawings for the ten vessels at issue within 10 days. [Dkt. #106]. GE objects to these requests as overly broad, unreasonably burdensome, and not reasonably tailored to the issues of the case. It asks the Court to enter a protective order that would allow plaintiffs to access the turbine drawings at the Company's repository in Schenectady, New York and require plaintiffs to sign a confidentiality agreement before plaintiffs are allowed to inspect and copy

these documents. [Dkt. #109]. It points out that this is the manner in which similar drawings have been produced in prior cases.

Fed. R. Civ. P. 26, governing the scope of permissible discovery, provides that a "court may order discovery of any matter relevant to the subject matter involved in the action" and that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Plaintiffs' requests are not overly broad, unreasonably burdensome, and **are** reasonably tailored to the issues of the case as they are specifically narrowed to the ten vessels at issue. Thus, GE must meaningfully respond to Plaintiffs' Interrogatories and RFPs within ten days.

While GE may answer an interrogatory by making the records available for inspection, it must specify "in specific detail to permit the interrogating party to locate and identify … the records from which the answer may be obtained." *Rainbow Pioneer No. 44-18-04A v. Hawaii-Nevada Inv. Corp.*, 711 F.2d 902, 906 (9th Cir. 1983). Contrary to GE's assertion that it has fully complied with its discovery obligations under Fed. R. Civ. P. 33(d), a blanket objection referencing GE's drawing system in Schenectady is not sufficient detail to fully comply with Rule 33. [Dkt. #110-1 at 50]. Thus, in order to fully comply with its discovery obligations, GE must do more than simply make the records available for inspection, but must adequately specify in specific detail which records respond to which Interrogatories and RFPs so that plaintiffs are able to locate and identify all responsive records during their inspection in Schendectady.

Finally, "it is well-established that the fruits of pre-trial discovery are, in the absence of a court order to the contrary, presumptively public." *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). However, "Rule 26(c) authorizes a district court to override this presumption where 'good cause' is shown." *Id*. Specifically, "the court

may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including … requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). Here, GE has shown good cause because it has described in sufficient detail the highly proprietary nature of the engineering drawings, which include "confidential technical information, competitively sensitive business information, and other confidential research, development, technical, or commercial information." [Dkt. #115 at 8]. Thus, a protective order that requires this information to be reviewed in the manner proposed by GE addresses GE's concern for confidentiality while allowing plaintiffs a means to review the turbine drawings in a reasonable manner.

Plaintiffs' Motion to Compel more meaningful responses to interrogatories and RFPs [Dkt. #106] is GRANTED. GE must answer interrogatories and RFPs in specific detail so that plaintiffs can locate and identify the records from which answers can be obtained during their inspection at GE's repository in Schenectady. Defendant GE's Motion for a Protective Order [Dkt. #109] requiring plaintiffs' to sign a confidentiality agreement prior to inspecting and copying documents is GRANTED.

IT IS SO ORDERED.

Dated this 25th day of July, 2013.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE