THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROY J. LeFEVRE and ROSALIND T. LeFEVRE, husband and wife; and LAURIE J. V. OLSON, PERSONAL REPRESENTATIVE OF THE ESTATE OF JAMES OLSON, AND INDIVIDUALLY AS THE SURVIVING SPOUSE OF JAMES OLSON,<br><br>Plaintiffs,<br><br>v.<br><br>CBS CORPORATION; et al.,<br><br>Defendants. | NO. 3:13-cv-05058-RBL<br><br>DEFENDANT CROWN CORK & SEAL COMPANY, INC.'S MOTION FOR RECONSIDERATION ON ITS MOTION FOR SUMMARY JUDGMENT AS TO LAURIE J.V. OLSON'S CLAIMS<br><br>NOTE ON MOTION CALENDAR: DECEMBER 10, 2013 |

Defendant Crown Cork & Seal Company, Inc. ("Crown Cork") respectfully requests that the Court reconsider its decision denying summary judgment in its favor because the Court erred in ruling that Plaintiff Olson created a genuine issue of material fact on the issue of causation. Plaintiff's medical causation expert Samuel Hammar, M.D., did not address Crown Cork in his initial report, specifically excluded Crown Cork in his declaration, and Plaintiff's counsel specifically advised that the supplemental causation reports do not apply to Crown Cork. Likewise, Plaintiff's medical causation expert did not address the type of exposure – take-home/household – at issue against Crown Cork in the Olson case. The record contains a dearth of evidence that James Olson was exposed to respirable asbestos fibers in his

DEFENDANT CROWN CORK & SEAL COMPANY, INC.'S
MOTION FOR RECONSIDERATION OF SUMMARY JUDGMENT
AS TO LAURIE J.V. OLSON'S CLAIMS - 1 (3:13-CV-05058-RBL)

SEDGWICK LLP
520 PIKE STREET, SUITE 2200
SEATTLE, WA 98101-4093
(206) 462-7560 FAX: (206) 462-7561

household from products for which Crown Cork[1] would be responsible. Under these circumstances, Plaintiff Olson cannot establish that asbestos fibers from a Mundet Cork product was a substantial factor in causing the injuries for which she seeks relief. In the absence of such proof, summary judgment is appropriate and the Court should reconsider its ruling denying summary judgment.

## II. FACTS

In the interests of brevity, Crown Cork incorporates the statement of facts set forth in its motion for summary judgment as though fully set forth herein.

## III. ISSUES PRESENTED

1. Should the Court reconsider its denial of summary judgment as to Crown Cork when Plaintiff Olson has presented no admissible evidence supporting the conclusion that James Olson was exposed to respirable asbestos fibers in his house from a product manufactured, sold or distributed by Mundet Cork, or that any household exposure James Olson may have had to a Mundet Cork asbestos-containing product was a substantial factor in causing James Olson's alleged disease?

## IV. EVIDENCE RELIED UPON

This motion is based upon the pleadings and documents on file with the Court.

## V. ARGUMENT

A party may seek reconsideration of a ruling on a summary judgment motion pursuant to Federal Rules of Civil Procedure 59(e) (motion to alter or amend a judgment) or 60(b) (relief from a final judgment, order, or proceeding) and Western District of Washington Local Rule 7(h). "Reconsideration is appropriate if the district court . . . committed clear error or the initial decision was manifestly unjust."[2] Respectfully, reconsideration of the Court's Order denying summary judgment in Crown Cork's favor is necessary in this case because the Court committed "clear error" and its initial decision was manifestly unjust insofar.

---

[1] Plaintiff Olson's claims against Crown Cork result only from Mr. Olson's alleged exposure to Mundet Cork products.
[2] *School Dist. No.1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

DEFENDANT CROWN CORK & SEAL COMPANY, INC.'S
MOTION FOR RECONSIDERATION OF SUMMARY JUDGMENT
AS TO LAURIE J.V. OLSON'S CLAIMS - 2 (**3:13-CV-05058-RBL**)

SEDGWICK LLP
520 PIKE STREET, SUITE 2200
SEATTLE, WA 98101-4093
(206) 462-7560 FAX: (206) 462-7561

Crown Cork submits that the Court erred in its application of the 2011 Washington decision *Morgan*[3], and the broader causation framework set forth in *Lockwood*[4] and its progeny. Pursuant to the same, Plaintiff bears the burden of coming forward with sufficient admissible evidence to show that a Mundet Cork product's usage in proximity to James Olson's father supports a reasonable inference that the product was then carried home on his father's clothing and that thereafter James Olson's exposure to such product was a substantial factor in causing the asbestos-related disease.[5] Specifically, Plaintiff must demonstrate that Mr. Olson's father, a marine electrician, worked with or around a Mundet Cork asbestos-containing product that released asbestos fibers that adhered to his clothing and then brought such respirable asbestos fibers home to James Olson with sufficient frequency, regularity, and proximity exposure to cause the alleged illness.[6]

*Lockwood* requires proof of **medical causation**.[7] But Plaintiff failed to offer any medical causation testimony against Crown Cork. To the contrary, Plaintiff's medical causation expert has not and cannot provide any causal connection between James Olson's alleged household exposure to Mundet Cork products and his disease. Plaintiff's medical causation expert offers <u>no opinions</u> regarding James Olson's household exposure to Mundet Cork products, nor does he establish a causal connection between any Mundet Cork product and James Olson's disease.[8] The absence of medical causation testimony alone warrants reconsideration of the Court's denial of summary judgment.

Additionally, Crown Cork believes that the Court erred when it accepted the Plaintiff's interpretation of *Morgan* in determining whether Plaintiff Olson had set forth sufficient admissible medical causation evidence to defeat summary judgment. In her briefing in opposition to Crown Cork's motion for summary judgment, Plaintiff asserts that *Morgan*

---

[3] *Morgan v. Aurora Pump Co.*, 159 Wash. App. 724, 727, 248 P.3d 1052, 1055 *review denied*, 172 Wash. 2d 1015, 262 P.3d 63 (2011).
[4] *Lockwood v. AC&S, Inc.*, 109 Wn.2d 235, 245, 744 P.2d 605 (1987).
[5] *Id.*, at 248.
[6] *Lockwood*, 109 Wn.2d at 248.
[7] *Id.*, at 248-49.
[8] *See, e.g.*, Federal Report of Samuel P. Hammar, M.D., Dkt. No. 156.

DEFENDANT CROWN CORK & SEAL COMPANY, INC.'S
MOTION FOR RECONSIDERATION OF SUMMARY JUDGMENT
AS TO LAURIE J.V. OLSON'S CLAIMS - 3 (3:13-CV-05058-RBL)

SEDGWICK LLP
520 PIKE STREET, SUITE 2200
SEATTLE, WA 98101-4093
(206) 462-7560 FAX: (206) 462-7561

allows a plaintiff to overcome summary judgment in the absence of product-specific testimony with evidence that asbestos exposure caused a claimant's mesothelioma.[9] Plaintiff states that she is "not required to present specific causation evidence, i.e., expert opinion that asbestos from [Mundet] was a 'substantial contributing factor' in causing the disease."[10] Not so. Plaintiff grossly misinterpreted the *Morgan* decision to the Court's (and Crown Cork's) detriment. If the Court is to accept Plaintiff's interpretation of *Morgan*, Washington will be a *de facto* absolute liability state – under those circumstances, liability would attach every time a claimant can prove that an asbestos-containing product was merely present anywhere at the 300 acres of PSNS. Washington law requires more than that.

While an asbestos plaintiff may establish exposure through circumstantial evidence, the evidence supporting exposure must have sufficient indicia of reliability.[11] Certainly, Washington law requires Plaintiff to place Mundet Cork asbestos-containing products in the vicinity of Mr. Olson's father at PSNS and that such product was carried home and thereafter James Olson was exposed to such products. In *Morgan*, the Court found that the use of circumstantial evidence of exposure was sufficient to defeat summary judgment where the plaintiff submitted deposition testimony of coworkers and expert witnesses regarding PSNS - the one site at issue. One of the coworkers was, like the plaintiff, a pipefitter at PSNS, where he worked with the plaintiff aboard three aircraft carriers.[12] That coworker further testified extensively about the work he personally observed the plaintiff performing at PSNS, including work near defendants' products.[13] The *Morgan* plaintiff also offered the testimony of a superintendent at PSNS, who testified that "almost all" of the equipment at issue in the case that was used at PSNS contained asbestos, and linked that equipment to the original manufacturer defendants.[14]

---

[9] Plaintiffs' Omnibus Response in Opposition to Motions for Summary Judgment, 27:13-20.
[10] *Id.*
[11] *Morgan, supra.*, 159 Wash. App. 724; *Allen v. Asbestos Corp., Ltd.*, 138 Wash.App. 564, 571, 157 P.3d 406 (2007).
[12] *Morgan*, at 731.
[13] *Id.*, at 732.
[14] *Id.*, at 733.

DEFENDANT CROWN CORK & SEAL COMPANY, INC.'S
MOTION FOR RECONSIDERATION OF SUMMARY JUDGMENT
AS TO LAURIE J.V. OLSON'S CLAIMS - 4 **(3:13-CV-05058-RBL)**

SEDGWICK LLP
520 PIKE STREET, SUITE 2200
SEATTLE, WA 98101-4093
(206) 462-7560 FAX: (206) 462-7561

Similarly, the *Morgan* plaintiff offered expert testimony confirming that direct PSNS exposures were the only causative factor in the subject mesothelioma.[15] When the only evidence of exposure to asbestos-containing products was at PSNS, plaintiff's expert was able to provide a medical causal connection between Mr. Morgan's work at PSNS and his mesothelioma.[16] Under those circumstances, the *Morgan* court found that the plaintiff raised a genuine issue of material fact that he was exposed to asbestos contained in products that were made, sold, or supplied to PSNS by each of the defendants and that such exposure was a substantial factor in causing his mesothelioma.[17]

The facts presented here are vastly different than those presented in *Morgan*. The differences create the basis for Crown Cork's request for reconsideration. First, there is a marked paucity of testimony from James Olson's father's PSNS coworkers. The Court has not heard any evidence placing Mr. Olson's father in the vicinity of a Mundet Cork asbestos-containing product. Unlike in Morgan, where the plaintiff put forth evidence of specific job functions that the plaintiff performed in discrete areas, Plaintiff has only presented generalized descriptions of marine electricians' job functions at PSNS while Mr. Olson's father was employed there. In this case, the speculative nature of the evidence of Mr. Olson's father's alleged exposures is markedly different than the unambiguous testimony of Mr. Morgan's direct coworkers.

Moreover, the expert testimony in this case differs from that presented in *Morgan*. It bears repeating that the only exposures which allegedly involve Mundet Cork are "take-home" exposures via Mr. Olson's father. Therefore, there are two distinct types of exposure which could have contributed to Mr. Olson's disease: take-home, and directly while Mr. Olson himself served in the U.S. Navy and then worked as a sandblaster and painter at PSNS. The only scientific causation evidence in the record – from Crown Cork's expert Dr. Dennis Paustenbach – establishes that the take-home exposure did not increase the risk of James

---

[15] *Id.*, at 734.
[16] *Id.*
[17] *Id.*, at 735.

DEFENDANT CROWN CORK & SEAL COMPANY, INC.'S
MOTION FOR RECONSIDERATION OF SUMMARY JUDGMENT
AS TO LAURIE J.V. OLSON'S CLAIMS - 5 (3:13-CV-05058-RBL)

SEDGWICK LLP
520 PIKE STREET, SUITE 2200
SEATTLE, WA 98101-4093
(206) 462-7560 FAX: (206) 462-7561

Olson's disease. Certainly, Plaintiff's medical causation evidence, which only addresses James Olson's direct exposures and does not address the alleged Crown Cork take-home exposure, does not rise to the level of *Morgan*. The absence of such causation evidence is fatal to Plaintiff's claim and warrants reconsideration of the Court's denial of summary judgment as to Crown Cork.

## VI. CONCLUSION

For the reasons given above, the Crown Cork respectfully requests that the Court reconsider its Order denying summary judgment and dismiss all of Plaintiff Olson's claims currently pending against it.

DATED this 10th day of December, 2013

    SEDGWICK LLP

    By: s/ Barry N. Mesher
        Barry N. Mesher, WSBA No. 07845
        Sedgwick LLP
        520 Pike Street, Suite 2200
        Seattle, WA 98101
        Phone: (206) 462-7560
        Fax: (206) 462-7561
        Barry.mesher@sedgwicklaw.com
        Attorneys for Defendant
        Crown Cork & Seal Company, Inc.

DEFENDANT CROWN CORK & SEAL COMPANY, INC.'S
MOTION FOR RECONSIDERATION OF SUMMARY JUDGMENT
AS TO LAURIE J.V. OLSON'S CLAIMS - 6 (3:13-CV-05058-RBL)

SEDGWICK LLP
520 PIKE STREET, SUITE 2200
SEATTLE, WA 98101-4093
(206) 462-7560 FAX: (206) 462-7561

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

CERTIFICATE OF SERVICE

I, Helen Van Buren, hereby make the following Declaration from personal knowledge:

On December 10, 2013, I presented the attached document to the Clerk of the Court for filing and uploading to the CM/ECF system. In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to the following attorneys:

| Attorneys for Plaintiff:<br>Matthew P. Bergman<br>Glenn S. Draper<br>Anna D. Knudson<br>Brian F. Ladenburg<br>Bergman Draper Ladenburg, PLLC<br>614 First Avenue, Fourth Floor<br>Seattle, WA 98104<br>TEL:  (206) 957-9510<br>FAX:  (206) 957-9549<br><br>glenn@bergmanlegal.com<br>annak@bergmanlegal.com<br>matt@bergmanlegal.com'<br>brian@bergmanlegal.com | Attorneys for CBS Corporation f/k/a Viacom Inc.; General Electric Company; Rapid-American Corporation:<br>Christopher S. Marks<br>Eliot M. Harris<br>Sedgwick LLP<br>520 Pike Street, Suite 2200<br>Seattle, WA 98101<br>TEL:  (206) 462-7560<br>FAX:  (206) 462-7561<br><br>Chris.marks@sedgwicklaw.com<br>eliot.harris@sedgwicklaw.com |
|---|---|
| Attorneys for CBS Corporation:<br>William D. Harvard, Pro Hac Vice<br>Evert Weathersby Houff<br>200 Cleveland Road, Suite 6<br>Bogart, GA 30622<br><br>WDHarvard@ewhlaw.com | Attorneys for Metropolitan Life Insurance Company:<br>Richard G. Gawlowski<br>Wilson, Smith, Cochran & Dickerson<br>901 Fifth Avenue, Suite 1700<br>Seattle, WA 98164<br>TEL:  (206) 623-4100<br>FAX:  (206) 623-9273<br><br>gawlowski@wscd.com |
| Attorneys for Warren Pumps, LLC:<br>J. Michael Mattingly<br>Rizzo Mattingly Bosworth PC<br>1300 SW Sixth Ave., Suite 330<br>Portland, OR 97201-3530<br>TEL:  (503) 229-1819<br>FAX:  (503) 229-0630<br><br>mmattingly@rizzopc.com | Attorneys for Owens-Illinois, Inc.:<br>Alexander Paul Catalona<br>Schiff Hardin LLP<br>One Market, Spear Street Tower<br>Thirty-Second Floor<br>San Francisco, CA 94105<br>TEL: (415) 901-8700<br>FAX: (415) 901-8701<br><br>acatalona@schiffhardin.com |

DEFENDANT CROWN CORK & SEAL COMPANY, INC.'S
MOTION FOR RECONSIDERATION OF SUMMARY JUDGMENT
AS TO LAURIE J.V. OLSON'S CLAIMS - 7 (3:13-CV-05058-RBL)

SEDGWICK LLP
520 PIKE STREET, SUITE 2200
SEATTLE, WA 98101-4093
(206) 462-7560 FAX: (206) 462-7561

| **Attorneys for Lone Star Industries, Inc.:**<br>Howard (Terry) Hall<br>Wolfstone, Panchot & Bloch, P.S., Inc.<br>1111 Third Avenue, Suite 1800<br>Seattle, WA 98101<br>TEL:   206.682.3840<br>fax: 206.340.8837<br><br>thall@wpblaw.com | **Attorneys for Owens-Illinois, Inc.:**<br>Mark J. Fucile<br>Fucile & Reising LLP<br>800 NW Sixth Avenue, Suite 211<br>Portland, OR 97209-3783<br>TEL:  503-224-4895<br>FAX:  503-224-4332<br><br>mark@frllp.com |
|---|---|
| **Attorneys for Owens-Illinois, Inc.:**<br>Steven Fogg<br>Corr Cronin Michelson Baumgardner<br>    & Preece LLP<br>1001 Fourth Avenue, Suite 3900<br>Seattle, WA 98154-1051<br><br>sfogg@corrcronin.com | **Attorneys for General Electric Company:**<br>Erik Nadolink<br>Wheeler Trigg O'Donnell<br>370 Seventeenth Street, Suite 4500<br>Denver, CO 80202-5647<br>TEL: (303) 244-1800<br><br>nadolink@wtotrial.com |
| **Attorneys for Lone Star Industries, Inc.:**<br>J. Scott Wood<br>Foley & Mansfield PLLP<br>800 Fifth Avenue, Suite 3850<br>Seattle, WA 98104<br>TEL: (206) 456-5360<br>FAX: (206) 456-5361<br>swood@foleymansfield.com | **Attorneys for Owens-Illinois, Inc.:**<br>Robert H. Riley<br>Edward Casmere<br>Stephen M. Copenhaver<br>Matthew J. Fischer<br>Schiff Hardin LLP<br>233 South Wacker Drive, Suite 6600<br>Chicago, IL 60606<br><br>rriley@schiffhardin.com<br>ecasmere@schiffhardin.com<br>scopenhaver@schiffhardin.com<br>mfischer@schiffhardin.com |
| **Attorneys for General Electric Company:**<br>John Heller<br>Sidley Austin LLP<br>One South Dearborn<br>Chicago, IL 60603<br>TEL: (312) 853-7704<br><br>jheller@sedley.com | **Attorneys for Plaintiff:**<br>Thomas H. Hart, III<br>Law Offices of Thomas H. Hart, III<br>207 E. 1st N. Street<br>Summerville, South Carolina 29483<br>TEL: (843) 410-0711<br><br>tom@thhpc.com |

DEFENDANT CROWN CORK & SEAL COMPANY, INC.'S
MOTION FOR RECONSIDERATION OF SUMMARY JUDGMENT
AS TO LAURIE J.V. OLSON'S CLAIMS - 8 (3:13-CV-05058-RBL)

SEDGWICK LLP
520 PIKE STREET, SUITE 2200
SEATTLE, WA 98101-4093
(206) 462-7560 FAX: (206) 462-7561

| Attorneys for Plaintiff: | Attorneys for General Electric Company: |
|---|---|
| William A. Galerston<br>Randall Iola<br>Stanley Iola, LLP<br>3100 Monticell Ave., Suite 750<br>Dallas, TX 75205<br>TEL: (214) 443-4307<br><br>wgalerston@stanleyiola.com<br>riola@stanleyiola.com | John M. Fitzpatrick<br>Wheeler Trigg O'Donnell<br>370 Seventeenth Street, Suite 4500<br>Denver, CO 80202-5647<br><br>Fitzpatrick@wtotrial.com |

I HEREBY DECLARE UNDER PENALTY OF PERJURY under the laws of the United States of America and the State of Washington that the foregoing is true and correct.

EXECUTED this 10th day of December, 2013, at Seattle, Washington.

_____
Helen Van Buren

DEFENDANT CROWN CORK & SEAL COMPANY, INC.'S
MOTION FOR RECONSIDERATION OF SUMMARY JUDGMENT
AS TO LAURIE J.V. OLSON'S CLAIMS - 9 **(3:13-CV-05058-RBL)**

SEDGWICK LLP
520 PIKE STREET, SUITE 2200
SEATTLE, WA 98101-4093
(206) 462-7560 FAX: (206) 462-7561