HONORABLE RONALD B. LEIGHTON

1
2
3
4
5
6
7
8
9
10
11
12
13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROY J. LEFEVRE, et al.,

               Plaintiffs,

    v.

CBS CORPORATION, et al.,

               Defendants.

CASE NO. C13-5058 RBL

ORDER DENYING MOTION FOR
RECONSIDERATION

14   THIS MATTER is before the Court on Defendant Owens-Illinois' and Defendant Crown

15   Cork's Motions for Reconsideration in the *Olson* case. [Dkt. #s 331 & 340].  Defendants repeat

16   their argument that under Judge Zilly's *Hoyt* opinion, there is no evidence that the danger of

17   "take home" asbestos exposure was foreseeable to them by 1958—the time frame at issue in this

18   case.  *See Hoyt v. Lockheed Shipbuilding Co*., 2013 WL 3270371, *affirmed*, —Fed. Appx.—,

19   2013 WL 4804408.

20   Under Local Rule 7, Motions for Reconsideration are disfavored, and will ordinarily be

21   denied absent a showing of manifest error, or a new factual or legal basis which could not have

22   been raised earlier.  Local Rule 7(h).

23
24

1      Defendants' argument ignores (or at least conflates) the distinction between foreseeablity

2   in the negligence context and foreseeablity in the strict liability context.  Unlike this case, *Hoyt*

3   was (only) a negligence case.  Strict liability does not sound in negligence.  *Lenhardt v. Ford*

4   *Motor Co.*, 102 Wn. 2d 208, 212-13 (1984).   In a strict liability case, the issue is "whether it is

5   reasonably foreseeable that household members would be exposed in this manner."  *See*

6   *Lunsford v Saberhagen Holdings, Inc*., 125 Wn. App. 784, 793 (2005).  If so, the family member

7   is a "user" of the product under Restatement (Second) of Torts, §402A.  This is a question for the

8   jury.  *Id*.

9      A manufacturer's knowledge of its product's dangers is not relevant in the strict liability

10   context.  Indeed, it is error to permit the defendant to argue that its ignorance of the danger is a

11   defense to the plaintiff's strict products liability claim:

12      Owens-Illinois's inquiries about medical knowledge in the industry and industry
        standards impermissibly put negligence concepts before the jury. These are
13      irrelevant in a strict products liability case under Washington law. Nor should the
        defense have been allowed to argue in closing that ignorance of the product's
14      danger is a defense to strict products liability. This argument misstated the state
        law and, coupled with the expert testimony, allowed the jury to conclude that if
15      Owens-Illinois did not know of the danger of its product, it could not be held
        liable.
16
    *Kisor v Johns-Manville Corp*., 783 F.2d 1337, 1341 (9th Cir. 1986), *abrogated on other*
17
    *grounds, Obrey v. Johnson*, 400 F.3d 691 (9th Cir. 2005).  *See also Lockwood v. AC&S,*
18
    *Inc.,* 44 Wn.App. 330, 343 (1986).
19
20      Defendants' Motion presents a closer question as it relates to Plaintiff's

21   negligence claim.  The Defendants claim that there is "no evidence" of the foreseeablity

22   of harm from "take home" asbestos exposure.  This is an overstatement.   The issue is

23   whether the risk of harm was foresee*able*—not whether it was fore*seen*.   "A plaintiff

24   must prove that the defendant knew *or should have* anticipated an unreasonable risk of

ORDER DENYING MOTION FOR
RECONSIDERATION - 2

1    danger to him or others in his class." *Hoyt*, 2013 WL 3270371, at *6, *citing J.N. v.*

2    *Bellinham Sch. Dist.*, 74 Wn. App. 49 58 (1994).   The risks of asbestos exposure were

3    known as early as the 1930s.

4          In *Hoyt*, Judge Zilly held that because the first case study regarding non-

5    occupational asbestos exposure was not published until 1965, there was no evidence that

6    the defendant there knew (or had constructive knowledge) of the risk to household

7    members from the asbestos carried home on the worker's clothing—even though it is

8    clear that the asbestos manufacturers knew much earlier that that same asbestos posed a

9    risk to the worker himself.

10          *Hoyt* implies that take home risks became foreseeable in the negligence context

11   *no earlier* than 1965.  In this Court's view, the risks were foreseeable as a matter of law

12   *no later* than the date of that study, and there is evidence from which a jury could find

13   that they were in fact known (or that they should have been known) prior to that time.

14   Much of this evidence is in fact the subject of the parties' motions in limine.

15          The Motions for Reconsideration are DENIED.  Other than what the Court has

16   explained here, the Motions for Clarification are also DENIED.

17          IT IS SO ORDERED.

18          Dated this 30th day of December, 2013.

19

20          _____
            RONALD B. LEIGHTON
21          UNITED STATES DISTRICT JUDGE

22

23

24

ORDER DENYING MOTION FOR
RECONSIDERATION - 3