HONORABLE RONALD B. LEIGHTON
Trial Date: January 13, 2014

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROY J. LeFEVRE and ROSALIND T. LeFEVRE, husband and wife; and SHARLEEN SPRAGUE, Personal Representative of the Estate of JAMES OLSON, and LAURIE V. OLSON, Individually and as the surviving spouse of JAMES OLSON,

               Plaintiffs,

     v.

CBS CORPORATION, *et al*.,

               Defendants.

No: 3:13-cv-05058

**DEFENDANT OWENS-ILLINOIS, INC.'S MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL AND A STAY OF THE PROCEEDINGS**

Noticed on Motion Calendar January 8, 2014
**ORAL ARGUMENT REQUESTED**

## INTRODUCTION

Owens-Illinois, Inc. ("Owens-Illinois") respectfully requests that this Court certify for interlocutory appeal the issues raised by Owens-Illinois's motion for summary judgment (Dkt. 238) and motion to reconsider (Dkt. 331) regarding the existence of a legal duty to James Olson and to stay the Olson Plaintiff's claims during the pendency of that appeal. In support thereof, Owens-Illinois states as follows:

This Court's denial of Owens-Illinois's motion for summary judgment is inconsistent with the Ninth Circuit's opinion in *Hoyt v. Lockheed Martin Corp.,* -- Fed. Appx. --, 2013 WL 4804408 (9th Cir. Sept. 10, 2013)(unpublished)(opinion attached). Under Ninth Circuit Rule 36-3, the *Hoyt* opinion may be cited here as grounds for interlocutory appeal. Owens-Illinois did cite to Judge Zilly's district court opinion in *Hoyt,* which was affirmed in its entirety by the Ninth Circuit.

SCHIFF HARDIN LLP
One Market, Spear Street Twr., 32nd Fl., San Francisco, CA 94105
(Tel: 415-901-8700) (Fax: 415-901-8701)

## ARGUMENT

This Court correctly notes that the key legal question presented is not merely whether the risk of harm was foreseen, but whether it was foreseeable. The Ninth Circuit agrees and made it very clear in its opinion that it found the risks of household disease from asbestos to be **unforesee*able*** during the 1948 to 1958 time period. "Lockheed moved for summary judgment, arguing that . . . the harm was not foresee*able*. . . . We agree that Hoyt has failed to create a genuine issue of material fact regarding foreseeability and we affirm." *Hoyt,* 2013 WL at *1. Accordingly, the Ninth Circuit did more than imply that take home risks were unforeseen before 1965; it held that there was no genuine issue of fact that take-home risks were not foreseeable prior to 1958, when the Hoyt plaintiff's take-home exposures from Lockheed ended.

It is undisputed that Owens-Illinois sold its Kaylo division as of April 30, 1958, so the time period addressed by the Ninth Circuit in *Hoyt* matches the time period at issue in this case, at least as to Owens-Illinois. The factual record in *Hoyt* is indistinguishable from the factual record here.

At a minimum, this Court's ruling on Mr. Olson's negligence count is irreconcilable with the Ninth Circuit's ruling concerning the negligence count in *Hoyt*. Owens-Illinois respectfully submits that the Court's strict liability ruling also conflicts with *Hoyt* and *Lunsford*, upon which this Court relied. *Lunsford* requires a showing of the foreseeability of an exposure that can cause injury before a plaintiff may be considered a product "user" for strict liability purposes. *Lunsford v. Saberhagen Holdings, Inc.*, 125 Wn.App. 784, 792-93 (App. Ct. 2005) (justification for strict liability is that manufacturer has a special responsibility to individuals "who may be injured" by a product; strict liability applies only where it was reasonably foreseeable that individual would be exposed "in th[at] manner.")

Given that asbestos is present in virtually all ambient air, the *Lunsford* opinion's reference to "in that manner" can only mean an exposure to a level of asbestos sufficient to cause asbestos disease, as understood in the 1950s. Were the rule otherwise, there would be no

OWENS-ILLINOIS, INC.'S MOTION FOR
CERTIFICATION FOR INTERLOCUTORY APPEAL
AND A STAY OF THE PROCEEDINGS
Page 2 of 8

SCHIFF HARDIN LLP
One Market, Spear Street Twr., 32nd Fl., San Francisco, CA 94105
(Tel: 415-901-8700) (Fax: 415-901-8701)

rational limiting principle regarding the scope of the legal duty imposed. The foreseeability analysis of *Hoyt* therefore applies to all legal theories alleged here.

Under 28 U.S.C. § 1292(b), an order may be certified for interlocutory appeal where: (1) the order involves a "controlling question of law;" (2) as to which there is "substantial grounds for difference of opinion;") and (3) "an immediate appeal may materially advance the ultimate termination of the litigation." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982); 28 U.S.C. § 1292(b). Each of those factors weighs in favor of certification here.

An issue involves a "controlling question of law" under Section 1292(b) if the "resolution of the issue on appeal could materially affect the outcome of the litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d at 1026; *Wellons, Inc. v. Sia Energoremonts Riga LTD*, No. 13-cv-5654, 2013 WL 5813266 (W.D. Wash. Nov. 4, 2013) ("all that must be shown in order for a question to be controlling is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court."). Here, the question of whether a duty was owed by Owens-Illinois to Mr. Olson, and the circumstances under which that duty would arise, is purely a question of law. *Youngblood v. Schireman*, 53 Wn. App. 95, 99 (1988).

Should the Ninth Circuit follow it prior decision in *Hoyt*, Plaintiff's claims here would be dismissed. Washington law does not impose absolute liability, even under strict liability. *Lamon v. McDonnell Douglas Corp.*, 19 Wash.App. 515, 576 P.2d 426 (1978). It is simply impossible to warn against or design around an unforeseeable risk. The very definition of unreasonably dangerous – "dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it with the ordinary common knowledge to the community as to its characteristics" – incorporates the expectations of a contemporary consumer. *Id.* Mr. Olson did not use OI Kaylo and was not present when it was used – rather he claims only exposure to the residue of the product transported miles from the point of use on the clothes of a workplace bystander, his father. The product has, at that point, been substantially

OWENS-ILLINOIS, INC.'S MOTION FOR
CERTIFICATION FOR INTERLOCUTORY APPEAL
AND A STAY OF THE PROCEEDINGS
Page 3 of 8

SCHIFF HARDIN LLP
One Market, Spear Street Twr., 32nd Fl., San Francisco, CA 94105
(Tel: 415-901-8700) (Fax: 415-901-8701)

altered, precluding application of strict liability. Even if that were not so, however, it is simply not possible for Mr. Olson to have had a reasonable expectation of safety from unforeseeable risks.

"To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear.'" *Couch v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). The controlling law is unclear where the matter certified for appeal "involves an issue over which reasonable judges might differ," and where uncertainty over the certified matters "provides a credible basis for a difference of opinion." *Reese v. BP Exploration (Alaska), Inc.*, 643 F.3d 681, 687-88 (9th Cir. 2011).

In this case, the "substantial ground for difference of opinion" is evidenced by the direct conflict between this Court's ruling and Judge Zilly's decision in *Hoyt* on the issue of duty during the same time period. This Court's ruling is diametrically opposed to the Ninth Circuit's ruling on the fundamental issue of whether a duty exists to support a negligence claim under the same circumstances.

Finally, to determine whether an issue on appeal would "materially advance the litigation," courts need not find "that the interlocutory appeal [would] have a final, dispositive effect on the litigation." *Reese*, 643 F.3d at 688. It is sufficient that a court find that a reversal of the underlying issue may "prevent litigation expenditures that might be wasted if there is a reversal . . . after trial." *Wellons*, 2013 WL 5913266 at *2.

This test is plainly met as an appeal could well end the case entirely as a matter of law. Even if the Ninth Circuit restricts *Hoyt* to negligence claims, it would materially affect the evidentiary and other rulings at any subsequent trial of the strict liability action. This Court's evidentiary and legal rulings will be substantially different if only a strict liability claim is presented to the jury. An interlocutory appeal on the duty question will not only clarify whether *Hoyt* applies to both the strict liability and negligence causes of action, as Owens-Illinois asserts, or whether the trial of this matter should be conducted solely on a strict liability theory.

OWENS-ILLINOIS, INC.'S MOTION FOR
CERTIFICATION FOR INTERLOCUTORY APPEAL
AND A STAY OF THE PROCEEDINGS
Page 4 of 8

SCHIFF HARDIN LLP
One Market, Spear Street Twr., 32nd Fl., San Francisco, CA 94105
(Tel: 415-901-8700) (Fax: 415-901-8701)

Either way, the litigation will be materially advanced and the risk of reversible error and re-trial will be materially reduced. *See In re Cement Antitrust Litig.*, 673 F.2d at 1026; *Wellons*, 2013 WL 5913266 at *2.

A stay of the proceedings should be entered during the pendency of the appeal. Where a continuation of the proceedings while the matter is on interlocutory appeal "would be inefficient and a waste of resources," entering a stay of the proceedings is appropriate. *Wellons*, 2013 WL 5913266 at *2. Here, there would be no justification for allowing this matter to proceed to trial when the potentially-determinative issue of foreseeability as it relates to the existence of a legal duty is being considered by the Ninth Circuit. Failure to stay these proceedings while this issue is on appeal would therefore inexorably lead to an inefficient waste of resources, as multiple trials of each of Plaintiff's theories of liability would be required. Moreover, there is no prejudice that would result to Plaintiff by the short delay of her claims, as Mr. Olson is deceased and there is no reason to unnecessarily expedite this trial.

## <u>CONCLUSION</u>

For the foregoing reasons, Owens-Illinois respectfully requests that this issue be certified for interlocutory appeal and that the Olson claims be stayed during the pendency of that appeal.

OWENS-ILLINOIS, INC.'S MOTION FOR
CERTIFICATION FOR INTERLOCUTORY APPEAL
AND A STAY OF THE PROCEEDINGS
Page 5 of 8

SCHIFF HARDIN LLP
One Market, Spear Street Twr., 32nd Fl., San Francisco, CA 94105
(Tel: 415-901-8700) (Fax: 415-901-8701)

| | |
|---|---|
| 1 | DATED:      January 3, 2014 |
| 2 | |

SCHIFF HARDIN LLP

/s/ Stephen Copenhaver

Attorneys for Defendant
OWENS-ILLINOIS, INC.

Robert H. Riley (admitted *pro hac vice*)
Edward Casmere (admitted *pro hac vice*)
Stephen Copenhaver (admitted *pro hac vice*)
Schiff Hardin LLP
233 S. Wacker Dr., Ste. 6600
Chicago, Illinois 60606
(312) 258-5500

CO-COUNSEL
Steven Fogg
CORR CRONIN MICHELSON
BAUMGARDNER & PREECE
1001 Fourth Avenue, Suite 3900
Seattle, WA 98154
(206) 625-8600

OWENS-ILLINOIS, INC.'S MOTION FOR
CERTIFICATION FOR INTERLOCUTORY APPEAL
AND A STAY OF THE PROCEEDINGS
Page 6 of 8

SCHIFF HARDIN LLP
One Market, Spear Street Twr., 32nd Fl., San Francisco, CA 94105
(Tel: 415-901-8700) (Fax: 415-901-8701)

1

## CERTIFICATE OF SERVICE

2

The undersigned hereby certifies that on January 3, 2014, he filed the foregoing with the

3

Clerk of the Court using the CM/ECF system, which will send notification of such filing upon

4

all other parties who have appeared.

5

6
 /s/ Stephen M. Copenhaver
Stephen M. Copenhaver

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

OWENS-ILLINOIS, INC.'S MOTION FOR
CERTIFICATION FOR INTERLOCUTORY APPEAL
AND A STAY OF THE PROCEEDINGS
Page 7 of 8

SCHIFF HARDIN LLP
One Market, Spear Street Twr., 32nd Fl., San Francisco, CA 94105
(Tel: 415-901-8700) (Fax: 415-901-8701)

21912-0030
SF\320921789.1